Atlantic Mut. Ins. Co. v Greater N.Y. Mut. Ins. Co. (2024 NY Slip Op 05134)

Atlantic Mut. Ins. Co. v Greater N.Y. Mut. Ins. Co.

2024 NY Slip Op 05134

Decided on October 17, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 17, 2024

Before: Renwick, P.J., Moulton, Higgitt, Rosado, JJ. 

Index No. 113846/06 Appeal No. 2842 Case No. 2023-05633 

[*1]Atlantic Mutual Insurance Company, Plaintiff,
v
Greater New York Mutual Insurance Company, Defendant-Appellant, 40 East 80 Apartment Corporation, Defendant-Respondent, Penmark Realty Corporation, et al., Defendants.

Traub Lieberman Straus & Shrewsberry LLP, Hawthorne (Eric D. Suben of counsel), for appellant.
Pillsbury Winthrop Shaw Pittman LLP, New York (Jay D. Dealy of counsel), for respondent.

Order, Supreme Court, New York County (Gerald Lebovits, J.), entered on or about October 25, 2023, which, to the extent appealed from as limited by the briefs, granted defendant 40 East 80 Apartment Corporation's (the Co-Op) motion for summary judgment declaring that defendant Greater New York Mutual Insurance Company (GNY) is obligated to defend and indemnify the Co-Op in connection with an underlying action, unanimously affirmed, with costs.
The court correctly granted summary judgment in favor of the Co-Op for defense and indemnification. The underlying action involved water damage to an apartment in the Co-Op's building. GNY has the duty to cover the amounts awarded because they were sums that the Co-Op became "legally obligated to pay as damages because of . . . 'property damage'" within the meaning of the policies, which define "property damage" to include not only physical injury to tangible property but also resulting loss of use of that property. This was sufficient to require GNY to cover alternate living expenses, rent abatement (see e.g. I.J. White Corp. v Columbia Cas. Co., 105 AD3d 531, 532 [1st Dept 2013]; Hotel des Artistes v General Acc. Ins. Co. of Am., 9 AD3d 181, 188 [1st Dept 2004], lv dismissed 4 NY3d 739 [2004]), and attorneys' fees (see XL Specialty Ins. Co. v Loral Space & Communications, Inc., 82 AD3d 108, 113 [1st Dept 2011]).
Because attorneys' fees are covered, the court also properly found that GNY must defend the Co-Op in the hearing on attorneys' fees in the underlying action (see generally Frontier Insulation Contrs. v Merchants Mut. Ins. Co., 91 NY2d 169, 175 [1997]).
GNY's argument that coverage is unavailable because the Co-Op's liability arose out of a breach of contract claim is unavailing (see e.g. Hotel des Artistes, 9 AD3d at 188-189; cf. George A. Fuller Co. v United States Fid. & Guar. Co., 200 AD2d 255, 259 [1st Dept 1994], lv denied 84 NY2d 806 [1994]).
We decline to reach GNY's argument that the court erred in failing to limit coverage to the 2004-2005 policy period. The parties agree that this argument may be properly addressed by Supreme Court in the first instance.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 17, 2024